## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MC ALLEN DIVISION

| | | |
|---|---|---|
| BELINDA CANO, JOSE ZARATE, AND JOSE L. RODRIGUEZ, *Plaintiffs,* | § § § § § § § § § § | CASE NO. 7:22-cv-164 *(Jury requested)* |
| v. | | |
| JOSE L. NODA AND L&T FOOD DISTRIBUTOR, INC., *Defendants.* | | |

### DEFENDANT JOSE L. NODA'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)

PLEASE TAKE NOTICE that Defendant, JOSE L. NODA, hereby remove to this Court the state court action described below, and file this Notice of Removal:

### I.   BACKGROUND

1. Plaintiffs are Belinda Cano, Jose Zarate and Jose L. Rodriguez and are residents of Hidalgo County, Texas.[1] Defendant JOSE L. NODA is a resident of Miami-Dade County, Florida.[2] Defendant L&T FOOD DISTRIBUTOR, INC., has its principal place of business in Virginia.[3]

2. On April 4, 2022, an action was commenced in the 464th Judicial District Court, Hidalgo County, Texas under Cause No. C-1191-22-L; *Belinda Cano, Jose Zarate and Jose L. Rodriguez v. Jose L. Moda and L&T Food Distributor, Inc.*

3. On April 23, 2022 Defendant JOSE L. NODA was served with the Petition in this matter.[4] On May 10, 2022 Defendants L&T FOOD DISTRIBUTOR, INC., and JOSE L. NODA filed their Answer in this matter. Defendant JOSE L. NODA files this Notice of Removal within thirty days of Defendant JOSE L. NODA receiving notice of Plaintiffs' initial state court proceeding, as required by 28 U.S.C. § 1446 (b).

---

[1] *See* Plaintiff's Original Petition, paragraph 2-4, attached as Exhibit A.
[2] *See* Plaintiff's Original Petition, paragraph 5, attached as Exhibit A.
[3] *See* Plaintiff's Original Petition, paragraph 6, attached as Exhibit A.
[4] *See* Return of Service, attached as Exhibit B.

4. Plaintiffs' Original Petition asserts that they "seek monetary relief over $1,000,000". [5]

5. Defendant has attached the required state court documents pursuant to 28 U.S.C. § 1446 (a) and LR81. [6]

6. As for venue, venue is proper in this District under 28 U.S.C. § 1441(a) because this District and Division embrace the place where the removed action has been pending. The incident made the basis of Plaintiffs' Petition is a July 7, 2021 motor vehicle accident which occurred in Hidalgo County, Texas. [7]

7. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action has been pending. A demand for jury in the state court action was filed on May 10, 2022. [8]

8. Defendant L&T FOOD DISTRIBUTOR, INC., consents to removal of this proceeding. [9]

9. As set forth in detail below, this Court has original jurisdiction over this civil action pursuant 28 U.S.C.A. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C.A. §§ 1441(b); 1446(c).

## II.   BASIS FOR REMOVAL

10. The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds...$75,000...and is between...citizens of different states." [10] An action may therefore be removed to this Court pursuant to 28 U.S.C.A. § 1441(a)(b) because:

    a. it is a civil action between Plaintiff, a citizen of Texas, and Defendants who are citizens of a different state; and

---

[5] *See* Plaintiff's Original Petition, paragraph 20, attached as Exhibit A.
[6] *See* State Court Documents attached as Exhibit C.
[7] *See* Exhibit A.
[8] *See* Jury Demand, attached as Exhibit D.
[9] *See* Defendant L&T Food Distributor, Inc.;s Consent to Removal, attached as Exhibit E.
[10] 28 U.S.C. § 1332(a)(1).

    b.  it is a civil action wherein the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

  11. A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been brought originally in Federal Court.[11] Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[12] There is complete diversity of citizenship between Plaintiff and Defendants.

### III. AMOUNT IN CONTROVERSY

  12. Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars exclusive of costs and interest ($75,000).[13] In *De Aguilar v. Boeing Co.*, the Fifth Circuit held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy actually exceeds the jurisdictional amount.[14] The *De Aguilar* Court went on to hold that to remand to state court, the plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[15]

  13. In determining whether the amount in controversy exceeds $75,000, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive damages.[16] Specifically, the court must consider penalties, statutory damages, and punitive damages in calculating the amount in controversy.[17] As applied here, Defendant can meet his burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the clear language of Plaintiffs' pleadings. Plaintiffs' Original Petition asserts that they "seek monetary relief over $1,000,000".[18] Therefore, the evidence is

---

[11] 28 U.S.C. § 1332(a).
[12] *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir.1996).
[13] *See* 28 U.S.C.A. §1332(a).
[14] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-11 (5th Cir. 1995).
[15] *Id*. at 1411.
[16] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).
[17] *Id*.
[18] *See* Plaintiff's Original Petition, paragraph 20, attached as Exhibit A.

sufficient for Defendant to meet its burden to prove that the amount in controversy exceeds the removal requirement of $75,000.

## IV.  CONCLUSION

14. Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[19] Plaintiffs are citizens of the state of Texas. Defendant JOSE L. NODA is a citizen of the state of Florida and Defendant L&T FOOD DISTRIBUTOR, INC., has its principal business in the state of Virginia. Diversity of citizenship is clear from the pleadings and evidence.

WHEREFORE PREMISES CONSIDERED, based on the Petition, evidence and the diverse citizenships of the parties, this Court therefore has original jurisdiction of this action under 28 U.S.C.A. § 1332 and removal of the action to this Court is proper under 28 U.S.C.A. § 1441(a).

Respectfully submitted,

By: */s/ Gregory J. Peterson*
GREGORY J. PETERSON
"Attorney in Charge"
Federal ID No. 996381
State Bar No. 24057580

GOLDMAN & PETERSON, PLLC
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone:    (210) 340-9800
Facsimile:    (210) 340-9888

ATTORNEY FOR DEFENDANT

---

[19] 28 U.S.C. § 1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 23rd day of May, 2022.

Mr. Keith W. Lapeze
Ms. Taylor Shipman
Lapeze & Johns, PLLC
601 Sawyer Street, Suite 650
Houston, Texas 77007

                                                By: */s/ Gregory J. Peterson*
                                                           GREGORY J. PETERSON