# EXHIBIT A

Electronically Filed
4/4/2022 1:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1191-22-L

CAUSE NO. _____

| | | |
|---|---|---|
| **BELINDA CANO, JOSE ZARATE,** | § | **IN THE DISTRICT COURT OF** |
| **AND JOSE L. RODRIGUEZ,** | § | |
| Plaintiffs, | § | |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **JOSE L. NODA, AND** | § | |
| **L&T FOOD DISTRIBUTOR, INC.,** | § | |
| Defendants. | § | _____ **JUDICIAL DISTRICT COURT** |

### <u>PLAINTIFFS' ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs **BELINDA CANO, JOSE ZARATE AND JOSE L. RODRIGUEZ** and file this Original Petition complaining of **JOSE L. NODA AND L&T FOOD DISTRIBUTOR, INC.,** for causes of action, Plaintiffs would show as follows:

### I.
### *Discovery Control Plan*

1.    Discovery in this action is intended to be conducted under Level 3, in accordance with Rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### *Parties*

2.    Plaintiff **BELINDA CANO** is an individual and resident of Hidalgo County, Texas.

3.    Plaintiff **JOSE ZARATE** is an individual and resident of Hidalgo County, Texas.

4.    Plaintiff **JOSE L. RODRIGUEZ** is an individual and resident of Hidalgo County, Texas.

5.    Defendant **JOSE L. NODA ("Noda")** is an individual and resident of Miami-Dade County, Florida. He may be served with process at his residence at 243 E. 8 Street, Apartment B, Hialeah, Florida 33010, or wherever he may be found.

Electronically Filed
4/4/2022 1:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1191-22-L**

6.      Defendant **L&T FOOD DISTRIBUTOR, INC. ("L&T")** is a Virginia corporation with its principal place of business located at 7969 Twist Lane, Springfield, Virginia 22153. L&T is not registered to do business in the State of Texas and does not maintain a registered agent for service of process in Texas. As such, pursuant to Tex. Civ. Prac. & Rem. Code § 17.044(b), the Texas Secretary of State, at 1019 Brazos Street, Austin, Texas 78701, is the agent for service of process on Defendant L&T.

7.      Plaintiffs specifically invoke the right to institute this suit against whatever entity was conducting business using the assumed or common name of "L&T Food Distributor, Inc." with regard to the events described in this Petition.  Plaintiffs expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

### III.
### *Venue*

8.      Venue is proper in Hidalgo County, Texas, in that the incident made the basis of this lawsuit occurred in Hidalgo County, Texas.

### IV.
### *Jurisdiction*

9.      This Court has jurisdiction in this matter because the damages to Plaintiffs are within the jurisdictional limits of this Court.

### V.
### *Factual Background*

10.     Plaintiffs' cause of action arises from an automobile collision that occurred on or about July 7, 2021, in Hidalgo County, Texas. Plaintiffs were stationary facing north due to a red traffic light at North Business Highway 281. Defendant Noda was driving a tractor trailer owned by Defendant L&T and was traveling directly behind the Plaintiffs. As he approached the Plaintiffs'

Electronically Filed
4/4/2022 1:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1191-22-L**

vehicle, Defendant Noda failed to control his speed and collided with the back of the Plaintiffs' vehicle. The impact caused the Plaintiffs serious injuries.

11.     Defendant L&T owned the vehicle Defendant Noda was driving. Defendant Noda was employed by Defendant L&T. Defendant L&T permitted Defendant Noda to drive the vehicle in the course and scope of his employment with them.

## VI.
### *Causes of Action*

**A.     Negligence and Negligence Per Se**

12.     Plaintiffs incorporate the preceding paragraphs of this Petition as if set forth fully below.

13.      At the time of the incident, Defendant Noda was operating his vehicle negligently.  Defendant Noda had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. Defendant Noda's negligence was the proximate cause of the Plaintiffs' injuries.  Defendant Noda breached that duty in one or more of the following ways:

    a.     Failing to timely apply the brakes;

    b.     Failing to control his speed;

    c.     Failing to maintain a proper lookout; and

    d.     Driving the vehicle at a rate of speed greater than that at which an ordinary and prudent person would have driven under the same or similar circumstances;

    e.     Failing to operate the vehicle with the appropriate regard for the safety of all persons.

14.     Each of the foregoing acts and/or omissions proximately caused the Plaintiffs' damages. Defendant Noda's acts also constitute negligence per se, as his actions were a direct and unexcused violation of Texas traffic laws, and the Plaintiffs are members of the class protected by those laws.

15.     Defendant L&T employed Defendant Noda at the time of the incident and Defendant Noda was, at all relevant times, acting in the course and scope of his employment with Defendant L&T.

Electronically Filed
4/4/2022 1:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1191-22-L**

The acts of negligence committed by Defendant Noda arose directly out of and were done in prosecution of the business that he was employed to do by Defendant L&T, who are therefore liable under the doctrine of Respondeat Superior for the negligent actions of Defendant Noda.

**B.     Negligent Hiring**

16.     Defendant L&T owed the Plaintiffs a legal duty to use ordinary care in determining whether a prospective employee is competent to be hired.  Defendant L&T breached that duty with regard to Defendant Noda.  This breach proximately caused the Plaintiffs' damages.

**C.     Negligent Supervision**

17.     Defendant L&T owed the Plaintiffs a legal duty to use ordinary care in adequately supervising its employees.  Defendant L&T breached that duty with regard to Defendant Noda.  This breach proximately caused the Plaintiffs' damages.

**D.     Negligent Retention**

18.     Defendant L&T owed the Plaintiffs a legal duty to use ordinary care in retaining its employees.  Defendant L&T breached that duty with regard to Defendant Noda.  This breach proximately caused the Plaintiffs' damages.

**E.     Negligent Training**

19.     Defendant L&T owed the Plaintiffs a legal duty to use ordinary care in adequately training its employees.  Defendant L&T breached that duty with regard to Defendant Noda.  This breach proximately caused the Plaintiffs' damages.

**VII.**
***Damages Demanded from Defendants***

20.     Plaintiffs seek monetary relief over $1,000,000.  Tex. R. Civ. P. 47(c)(5).

21.     Plaintiffs seek recovery of the following categories of damages from Defendants: (1) past and future physical pain; (2) past and future mental pain and anguish; (3) past and future medical

Electronically Filed
4/4/2022 1:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1191-22-L**

expenses; (4) past and future lost wages; (5) disfigurement; (6) past and future physical impairment; and (7) property damage.

22.     As a further result of Defendants' negligence and/or negligence per se as described above, Plaintiffs have incurred expenses for medical care and attention and such expenses are continuing to accrue as of the filing of this petition. All of these expenses are reasonable and customary in the localities in which they were incurred.

23.     As a further result of the injuries sustained by Plaintiffs, there is a reasonable probability that Plaintiffs will require further medical care and attention and will incur future reasonable and necessary expenses for this medical care and attention.

## VIII.
### *Preservation of Evidence*

24.     Plaintiffs hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; recordings; business or medical records; bills; estimates; invoices; checks; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to the Plaintiffs, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## IX.
### *Required Disclosure*

25.     Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

Electronically Filed
4/4/2022 1:48 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1191-22-L**

## X.
### *Designated E-Service Email Address*

26.     **The following is the undersigned attorney's designated e-Service email address for all e-service documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a): <u>taylor@lapezejohns.com</u>. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer, and that on final trial Plaintiffs have:

A.     Judgment against Defendants in a sum in excess of the minimum jurisdictional limits of the Court for Plaintiffs' damages;
B.     Prejudgment interest;
C.     Post-judgment interest;
D.     Costs of court; and

All such other relief, at law or in equity, to which Plaintiffs may show themselves to be entitled.

Respectfully submitted,

LAPEZE & JOHNS, P.L.L.C.

Keith W. Lapeze
Texas Bar No. 24010176
Taylor Shipman
Texas Bar No. 24079323
601 Sawyer Street, Suite 650
Houston, Texas 77007
(713) 739-1010 Telephone
(713) 739-1015 Fax
taylor@lapezejohns.com

ATTORNEYS FOR PLAINTIFFS

6